FILED
MAR 1 0 2010
DAVID CREWS, CLERK
BY_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TRACEY L. JOHNSON and            PLAINTIFFS
DAVID JAMES, JR.

VS                          CAUSE NO.: 2:10CV036-P-A

CITY OF SHELBY, MISSISSIPPI            DEFENDANTS
and HAROLD BILLINGS

JURY TRIAL DEMANDED

## COMPLAINT

This is an action to recover actual damages against the Town of Shelby, Mississippi, for denial of property without due process of law. A supplemental claim is also made against the individual defendant, Harold Billings, for malicious interference with employment under state law. The following facts support this action:

1.

Plaintiff, TRACEY L. JOHNSON, is an adult resident citizen of Mississippi, who resides at 901 Front Street, Rosedale, Mississippi 38769.

Plaintiff, DAVID JAMES, JR., is an adult resident citizen of Mississippi, who resides at 354 McKay Road, Rosedale, Mississippi 38769.

2.

Defendant, CITY OF SHELBY, MISSISSIPPI, is a political subdivision of the State of Mississippi, which at all relevant times acted under color of state law. It may be served with process

upon its Mayor Kermit E. Stanton at Shelby City Hall, 305 Third Street, Shelby, Mississippi 38774.

Individual Defendant, HAROLD BILLINGS, is an adult resident citizen of Mississippi, who at all relevant times was an alderman of the City of Shelby, Mississippi. He may be served with process at his place of employment at 305 Third Street, Shelby, Mississippi 38774.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under Title VII of the Civil Rights Act of 1964, under 42 U.S.C. § 1981 and under the Fourteenth Amendment of the United States Constitution.

4.

Plaintiff Tracey Johnson was employed as a police officer for the City of Shelby from approximately August 2007 until her unlawful termination on or about September 1, 2009. Plaintiff David James, Jr., was employed as a police officer for the City of Shelby from approximately September 2007 until his unlawful termination on or about September 1, 2009.

5.

During the time of Plaintiffs' employment, the Defendant had in effect personnel policies which required "cause" for termination. These personnel policies gave Plaintiffs a "property" interest during their employment.

6.

During the time of Plaintiffs' employment, Plaintiffs had a reputation for rigorously enforcing the law. Plaintiff James, in particular, had a reputation for vigorous enforcement of the law because of his background as a district attorney's investigator, his thorough knowledge of police procedures, and his diligence in enforcing the law.

Tracey Johnson, while having less experience, followed James' lead, and was supportive of him in vigorous enforcement of the law. The Plaintiffs worked a night shift, whereby they made numerous arrests for widespread criminal activity, including activity related to drugs, and including both serious offenses and misdemeanor offenses.

7.

During the time Plaintiffs were employed, the individual Defendant, Harold Billings, served as a City Alderman. However, Billings' primary occupation was that of operating a nightclub, where much criminal activity occurred. Plaintiffs made a substantial number of arrests for illegal activity by patrons of Billings' nightclub. Billings entertained enormous malice, ill-will and hostility toward Plaintiffs, particularly against Plaintiff James, because of their role in frustrating the criminal activity occurring at his nightclub.

8.

Accordingly, Billings used his influence on other aldermen, and upon the mayor, to cause Plaintiffs' discharge. The mayor was easily susceptible to influence, because of his reputation as a known alcoholic, who feared vigorous enforcement of the law.

9.

For some time, the mayor had been led by Billings to fire Plaintiff James, because the City did not wish the law to be vigorously or substantially enforced. During the process of attempting to get James fired, Billings approached Johnson, and explained to her that if she would "get something on" James, in order to justify firing him, she would not be fired. Defendant Johnson refused to carry out this malicious request.

10.

Accordingly, at directions of an agent of the City, believed to be either the mayor or Billings, the court clerk searched for ways to find some basis upon which to fire Plaintiffs. Finally, an incident report was made that Plaintiffs had been guilty of some wrongdoing, with respect to an attempted arrest of a Mr. Tanner. Additionally, reports were made of some wrongdoing with respect to embezzlement charges that Plaintiffs had made on or about August 28, 2009.

11.

Two incident reports were the subject of a discharge letter to David James attached hereto, dated September 3, 2009. The reasons assigned in the letter are totally pretextual, and were simply the result of a clerk being directed to find something upon which to fire Plaintiff James. The letter came from an agent of the City of Shelby.

12.

Consistent with City procedures, Plaintiffs requested a due process hearing. Plaintiffs were allowed to appear at the hearing, but were promptly advised that no evidence would be received. In no event could Plaintiffs obtain a fair due process hearing, because a determination had already been made that Plaintiffs were going to be fired, because they carried out the law in a vigorous fashion.

13.

At the hearing, no substantial evidence was introduced of any wrongdoing. In fact, no evidence at all was introduced, since the Board of Aldermen announced it would not receive any evidence.

14.

Although Plaintiffs had a "property" right of employment, they were discharged arbitrarily and capriciously, in violation of substantive due process.

15.

Even though Plaintiffs had a "property" interest in employment, they were denied meaningful procedural due process, since they were not allowed to present evidence or witnesses, such evidence and witnesses being immaterial to the town, since it was determined to fire Plaintiffs regardless of the evidence.

16.

The individual Defendant, Billings, caused the Mayor and a majority of the Board to discharge Plaintiffs. This represented the tort of malicious interference with employment.

17.

The Defendant City is liable to Plaintiffs for deprivation of property without due process.

18.

The Defendant Billings is liable to Plaintiffs for malicious interference with employment.

19.

Plaintiffs have suffered mental anxiety and stress, and lost income as a result of their illegal discharge.

## REQUEST FOR RELIEF

Plaintiffs request actual damages against the City of Shelby, Mississippi, actual and punitive damages against the individual Defendant, Harold Billings, reinstatement and reasonable attorneys' fees.

5

Respectfully submitted,

WAIDE & ASSOCIATES, P.A.

BY: _____
JIM WAIDE
MS BAR NO. 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
EMAIL: WAIDE@WAIDELAW.COM

ATTORNEYS FOR PLAINTIFFS