IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**TRACEY L. JOHNSON and DAVID JAMES, JR.**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO.: 2:10-cv-00036(M)(A)**

**CITY OF SHELBY, MISSISSIPPI
and HAROLD BILLINGS**     **DEFENDANTS**

### DEFENDANT'S RENEWED MOTION
### FOR SUMMARY JUDGMENT OR, IN THE
### ALTERNATIVE, MOTION FOR LEAVE TO FILE
### RENEWED MOTION FOR SUMMARY JUDGMENT

Defendant City of Shelby, Mississippi renews its motion for summary judgment or, if necessary, requests Court leave to renew its motion for summary judgment. In support, the City of Shelby provides as follows:

1. In March 2010, Plaintiffs Tracey Johnson and David James, Jr. filed a constitutional claim for deprivation of property without due process against Defendant the City of Shelby, Mississippi and filed a malicious interference with employment claim against Defendant Harold Billings in his individual capacity. *See* Docket Entry No. 1.

2. After the discovery deadline expired, both defendants moved for summary judgment in April 2011. *See* Docket No. 53. The City of Shelby argued that the plaintiffs' constitutional claim should be dismissed (1) because the claim was not brought through 42 U.S.C. § 1983 and, (2) in the alternative, because the claim failed on the merits. *See* Docket Entry No. 54. Billings argued that the plaintiffs' malicious interference with employment claim should be dismissed (1) because the plaintiffs did not comply with the pre-suit requirements of the Mississippi Tort Claims Act and, (2) in the alternative, because the claim failed on the merits. *See* Docket Entry No. 54.

3. This Court granted the summary judgment motion in March 2012. *See* Docket Entry No. 76. It was held that the plaintiffs' constitutional claim against the City of Shelby was subject to dismissal because the plaintiffs did not bring the claim through 42 U.S.C. § 1983 and that the plaintiffs' malicious interference with employment claim against Billings was subject to dismissal for failure to comply with the pre-suit requirements of the Mississippi Tort Claims Act. *See* Docket Entry No. 76. This Court <u>did not</u> address the defendants' alternative arguments in support of summary judgment. *See* Docket Entry No. 76.

4. The plaintiffs appealed to the Fifth Circuit, and, in November 2013, the Fifth Circuit affirmed the case on the same grounds as this Court. *See Johnson v. City of Shelby et al.*, No. 12-60735 (5th Cir. Nov. 19, 2013).

5. The Plaintiffs subsequently petition the United States Supreme Court for certiorari, and a decision was entered reversing <u>only</u> the Fifth Circuit's affirmance on the plaintiff's constitutional claim. *See Johnson v. Shelby*, 574 U.S. ___, No. 13-1318 (Nov. 10, 2014). In particular, the Supreme Court reversed longstanding Fifth Circuit precedent holding that, to bring a constitutional claim against a governmental entity, a plaintiff must specifically set forth in the complaint the claim was being pursued through 42 U.S.C. § 1983. *See id*. The Supreme Court <u>did not</u> address whether the case could be affirmed on the alternative grounds raised by the City of Shelby and instead remanded the case "for further proceedings consistent with [the Supreme Court's] opinion." *Id*.

6. Given that this case has now been remanded to this Court for further proceedings on the plaintiffs' constitutional claim against the City of Shelby, it is requested that this Court rule on the alternative grounds for dismissal set forth in the prior summary judgment briefing.

The claim has been fully briefed by both parties, and the City of Shelby submits that there are no genuine issues of material facts requiring a trial on the claim.

7. To the extent that Court leave is necessary to file this renewed motion, the City of Shelby requests that leave be granted and that this motion be accepted and considered.

8. Given the prior proceedings in this case, and given the straightforward nature of the issue presented, the City of Shelby requests that any requirement of a separate memorandum in support of this motion be waived.

For the reasons stated above and in the prior summary judgment papers, the City of Shelby requests an order granting summary judgment on the plaintiffs' constitutional claim, along with a final judgment of dismissal.

Dated: March 6, 2015.

Respectfully submitted,

**PHELPS DUNBAR, LLP**


BY: */s/ G. Todd Butler*
Gary E. Friedman, MB #5532
G. Todd Butler, MB #102907
4270 I-55 North
P. O. Box 16114
Jackson, Mississippi 39236-6114
Telephone: (601) 352-2300
Telecopier: (601) 360-9777

## **CERTIFICATE OF SERVICE**

I, TODD BUTLER, do hereby certify that a copy of the above and foregoing *RENEWED MOTION* has been electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following counsel of record:

>Jim D. Waide, III., Esquire
>Ronnie Lee Woodruff, Esquire
>WAIDE & ASSOCIATES, P.A.
>Post Office Box 1357
>Tupelo, Mississippi  38804
>(662) 842-8056
>waide@waidelaw.com
>rlw@waidelaw.com
>
>Luther C. Fisher, IV., Esquire
>LUKE FISHER LAW, PLLC
>P.O. Box 3090
>Oxford MS 38655
>(662) 259-0783
>fisherluther@gmail.com
>
>***ATTORNEYS FOR PLAINTIFFS***

SO CERTIFIED, this the 6th day of March, 2015.

>/s/ *G. Todd Butler*
>G. TODD BUTLER

- 4 -

PD.16685590.1