**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TRACEY L. JOHNSON and
DAVID JAMES, JR.**                                                                       **PLAINTIFFS**

**VS**                                         **CAUSE NO.: 2:10CV036-P-A**

**CITY OF SHELBY, MISSISSIPPI
and HAROLD BILLINGS**                                                      **DEFENDANTS**

___

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT CITY OF SHELBY, MISSISSIPPI'S RENEWED MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE RENEWED MOTION FOR SUMMARY JUDGMENT**
___

      Plaintiffs Johnson and James oppose the Defendant City of Shelby, Mississippi's Renewed Motion for Summary Judgment or, in the Alternative, Motion for Leave to File Renewal Motion for Summary Judgment [Docket 94], for the following reasons:

      1.     This case was filed on March 10, 2010 [Docket 1]. It has now been in litigation for over five (5) years.

      2.     The Court chose not to grant summary judgment on the substantive grounds at the time it entered its original order on summary judgment [Docket 76].

      3.     For the Court now to grant the motion for a different reason would result in a further appeal to the United States Court of Appeals for the Fifth Circuit, entailing further delay and expense. See FED. R. CIV. P. 1 (stating that rules should be construed to obtain "speedy, and inexpensive determination of every action. . . ."). In at least one case, the Fifth Circuit Court of Appeals has strongly indicated that it disapproves of a district court's grant of summary judgment on an alternative basis after the first grant of summary judgment had been reversed on appeal. See *Cooper Tire & Rubber Co. v. Farese*, 248 Fed.App'x 555, 561 (5th Cir. 2007) (court of appeals

would assign case to new district judge where district judge had granted summary judgment a second time after the first grant of summary judgment had been reversed on appeal).

4. In any event, the Court has the discretion to deny summary judgment and proceed to trial even if it believes that a motion for summary judgment may be well taken. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("Neither do we suggest . . . that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial").

5. As to the merits, the Defendant's motion for summary judgment is baseless. Plaintiffs' complaint alleges that they have a "property interest" in their employment, and were discharged without appropriate due process procedures. See Complaint [Docket 1]. Property interests protected by due process are "defined by existing rules or understandings that stem from an independent source such as state law." See *Goss v. Lopez*, 419 U.S. 565, 586 (1975); *Perry v. Sindermann*, 408 U.S. 593, 601-02 (1972) (holding that "the promisor's words and conduct in the light of the surrounding circumstances" could be considered independent sources of property interest); see also, *Bishop v. Wood*, 426 U.S. 341, 344 (1976) (Supreme Court would defer to opinion of district judge and court of appeals as to whether state law created property interest).

6. In this case, Plaintiffs had a property interest in their jobs since they had a reasonable expectation of continued employment unless there was some legitimate cause for discharge and unless the police chief had found such a legitimate cause by recommending Plaintiffs' termination. See City of Shelby Police Department, Policies and Procedures, 3.8., attached to Affidavit of David James, Exhibit "1"; and see Deposition of Police Chief Marion Bedford, pp. 16-17, Exhibit "2"; and see Deposition of Alderman Peggy Mengarelli, pp. 11-12, Exhibit "3" (all indicating there had to

be "cause" for Plaintiffs' discharges, thus giving them a "property" right in continued employment).

7. Plaintiffs' reasonable expectation (their "property" right) of continued employment had already been created when the board rescinded these policies on the same day that it fired Plaintiffs. Since the Defendant did not notify Plaintiffs before rescinding its policies requiring cause for termination, any claim that Plaintiffs did not have a reasonable expectation of continued employment is unsupported. Defendant's firing Plaintiffs in violation of its own policy manual violates clear Mississippi law. See *Bobbitt v. Orchard, Ltd.*, 603 So.2d 356, 361 (Miss. 1992) (stating that in Mississippi an employer would be held "to its word" as stated in an employment handbook). Under *Bobbitt*, the policy's manual gave Plaintiffs a reasonable expectation that its provisions would be followed.

8. Furthermore, Plaintiffs had a "reasonable expectation" that they would not be discharged because they were performing their jobs as police officers in a proper manner and/or refusing to condone illegal activity. *McArn v. Allied-Bruce Terminix Co., Inc.*, 626 So.2d 603, 607 (Miss. 1993), held that the common-law rule of employment does not bar an action by "an employee who refuses to participate in an illegal act . . . ." or is "discharged for reporting illegal acts."[1] *McArn* and its progeny also gave Plaintiffs a reasonable expectation that they would not be fired for doing their jobs of enforcing the law.

---

[1] Many cases have applied McArn. *See Jones v. Fluor Daniel Services Corp.*, 959 So.2d 1044 (Miss. 2007) (the *McArn* exception applies whenever illegal acts reported relate to employer's business); *DeCarlo v. Bonus Stores, Inc.*, 989 So.2d 351, 354 (Miss. 2008) (approving *Laws v. Aetna Finance Co.,* 667 F.Supp. 342, 344 (N.D. Miss. 1987), which held that under Mississippi law, an employee cannot be fired for reporting "unsavory and possibly illegal business practices...of his employer."); *Willard v. Paracelsus Health Care Corp*, 681So.2d 539, 543 (Miss. 1996) (holding that "[D]ischarge in retaliation for an employee's good faith effort to protect the employer from wrongdoing" is actionable under *McArn*); *Buchanan v. Ameristar Casino Vicksburg, Inc.*, 852 So.2d 25, 26 (Miss. 2003) (upholding dismissal of wrongful discharge claim because plaintiff "does not allege...that she was terminated for reporting illegal acts..."); *Williams v. Riley*, 536 Fed.Appx. 468, 469 (5th Cir. 2013) (upholding judgment against county on alternative ground of the *McArn* public policy exception where jailors were fired for reporting beatings by law enforcement officers).

9. In view of the fact that no evidence was introduced by Plaintiffs at the so-called hearing where Plaintiffs were not allowed to call witnesses, where no evidence of wrongdoing was produced, and where the hearing tribunal was biased because it contained an alderman who wanted Plaintiffs fired in order to protect his illegal activities, they did not receive procedural due process.[2] Since Plaintiffs were fired precisely because they were performing their jobs as police officers, and they were fired because Alderman Billings wanted Plaintiffs fired to protect his illegal business interests,[3] Plaintiffs were treated arbitrarily so as to violate the substantive aspect of due process.[4]

---

[2] Suffice it to say, Alderman Billings and the other aldermen who were under his influence could not be an unbiased hearing tribunal. Billings wanted Plaintiffs fired precisely because they were enforcing the law so as to interfere with his illegal business. Billings and the two (2) other aldermen who were, in effect, under his influence, could not afford a fair tribunal. "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955).

[3] Billings, an aldermen for the City of Shelby, Mississippi, who successfully moved to have Plaintiffs terminated, operates a nightclub where there are drugs and strippers. Gang members engage in altercations in the parking lot. Deposition of Tracey Johnson, pp. 55-57, Exhibit "4." When Plaintiff Tracey Johnson would attempt to arrest someone at Billings' club, Billings would always "try to get me fired." Johnson depo., p. 60. Plaintiff Johnson had four conversations with Billings about her police activity during the year 2009. During these conversations, Billings advised Johnson not to patrol with Plaintiff James, Johnson depo., p. 70, and told her that if she would get the "low down" on Plaintiff James, she could keep her job at the police department. Johnson depo., pp. 72-73. Billings told Johnson to get "some dirt on Officer James and get him terminated," and that if Johnson would get James fired, she could keep her job. Johnson depo., p. 73. Further, Billings told Johnson that she was not to be in cahoots with James in making arrests. Johnson depo., p. 65.

Plaintiffs' firings shortly followed a citizen meeting at which citizens, led by Billings, had protested against the vigorous enforcement of the law by Plaintiffs. See Deposition of Dorothy Grim, pp. 17-18, Exhibit "5." Mayor Grim has sworn that many of the problems which Billings had with Plaintiffs stemmed from the fact that Plaintiffs wanted Billings to "follow the law." Grim depo., p. 29. Billings was operating his nightclub past the 1:00 a.m. curfew. Grim depo., pp. 10-12.

Billings admitted to Plaintiff James his interest in supporting criminal activity. He told Plaintiff James about his plans to bring prostitution and gambling to his nightclub, Deposition of David James, p. 72, Exhibit "6," because this would "bring the community back together," so that the "whole city could make money." James depo., pp. 72-73. Billings' idea was to bring the "old culture back to the Delta." Deposition of David James, Part 2, pp. 16-17. According to James, Billings wanted Plaintiffs to turn their backs on the criminal activity so as to "give him some leeway" in carrying out illegal activity. James depo., Part 2, pp. 17-21. Peggy Mengarelli testified that she heard Billings state that if Plaintiff James were not fired, this would cause people to "boycott" the businesses in the city. Deposition of Peggy Mengarelli, p. 5.

Quite obviously, the hearing tribunal, at which Billings was adjudicator, could not be the impartial tribunal demanded by due process since he had a financial interest in getting Plaintiffs fired to protect his illegal businesses. See *Ward v. Village of Monroeville, Ohio*, 409 U.S. 57, 60 (1972) (mayor could not serve as city judge because his "responsibilites [sic] for village finances . . . [made] him partisan. . . ."); *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 822 (1986) ("no judge 'can . . . [be] permitted to try cases where he has an interest in the outcome'"); *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145 (1968) (holding that requirement that

10.     In support of this Response, Plaintiffs submits the following evidentiary materials:

Exhibit "1":  Affidavit of David James, with attached City of Shelby Police Department, Policies and Procedures, 3.8.;

Exhibit "2":  Deposition Excerpts of Police Chief Marion Bedford, pp. 16-17, with attached City of Shelby Police Department, Policies and Procedures, 3.8.;

Exhibit "3":  Deposition Excerpts of Alderman Peggy Mengarelli, pp. 5, 11-12;

Exhibit "4":  Deposition Excerpts of Tracey Johnson, pp. 55-57, 60, 65, 70, 72-73;

Exhibit "5":  Deposition Excerpts of Dorothy Grim, pp. 10-12, 17-18, 29;

Exhibit "6":  Deposition Excerpts of David James, pp. 72-73;

Exhibit "7":  Deposition Excerpts of David James, Part 2, pp. 16-21;

Exhibit "8":  Affidavit of Tracey Johnson, with attached City of Shelby Police Department, Policies and Procedures, 3.8.; and

Exhibit "9":  City of Shelby Board Minutes of September 1, 2009.

11.     As this Response contains the applicable legal authorities to support it, Plaintiffs request to be relieved of submitting a supporting memorandum.

---

adjudicator's lack of financial interest applies to arbitrators, and that "the slightest pecuniary interest" is disqualifying. . . .").

[4]  See *Regents of University of Michigan v. Ewing*, 474 U.S. 214, 226-27 (1985) (acknowledging arbitrary government action violates substantive due process, but finding no substantive due process violations in that case).

Respectfully submitted, this the 20th day of March, 2015.

                                             Respectfully submitted,

                                             WAIDE & ASSOCIATES, P.A.


                                        BY: */s/ **JIM WAIDE**
                                                 JIM WAIDE
                                                 MS BAR NO.: 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
662-842-7324 (telephone)
662-842-8056 (facsimile)
EMAIL: WAIDE@WAIDELAW.COM

LUKE FISHER LAW, PLLC
POST OFFICE BOX 3090
OXFORD, MS 38655
662-259-0783
lfisher@lukefisherlaw.com
fisherluther@gmail.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I, Jim Waide, attorney for the Plaintiffs, do hereby certify that I have this date filed the above and foregoing with the Clerk of the Court using ECF system, which sent notification of such filing to the following:

Gary E. Friedman, Esq.
friedmag@phelps.com
barnetts@phelps.com

LaToya C. Merritt, Esq.
merrittl@phelps.com
barnetts@phelps.com
hilll@phelps.com

THIS the 20th day of March, 2015.

*/s/ JIM WAIDE*
JIM WAIDE