IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TRACEY L. JOHNSON and DAVID JAMES, JR.                                                                                                    PLAINTIFFS

VS.                                                          CASE NO. 2:10-cv-00036-MPM-SAA

CITY OF SHELBY, MISSISSIPPI
and HAROLD BILLINGS                                                                                                DEFENDANTS

**MEMORANDUM OPINION**

Before the court is Defendant City of Shelby's (the "City") motion for summary judgment. Plaintiffs Tracey L. Johnson and David James, Jr. (collectively "Plaintiffs") have responded, and Defendant replied. Having considered the filings and relevant law, the court is prepared to rule.

This case began in 2010 when Plaintiffs Tracey Johnson and David James, Jr. filed a constitutional claim for deprivation of property without due process against the City of Shelby, Mississippi and filed a malicious interference with employment claim against Harold Billings in his individual capacity. This court granted defendants' motion for summary judgment because the constitutional claim was not brought through 42 U.S.C. § 1983 and the malicious interference claim did not comply with the pre-suit requirements of the Mississippi Tort Claims Act. Plaintiffs appealed the judgment and, in November 2013, the 5th Circuit affirmed this court's opinion in full. Plaintiffs subsequently appealed to the United States Supreme Court, which reversed the 5th Circuit's affirmance on the plaintiffs' constitutional claim. In particular, the Supreme Court reversed 5th Circuit precedent that, to bring a constitutional claim against a governmental entity, a plaintiff must specifically set forth in the complaint that the claim was being pursued through 42 U.S.C. § 1983. The Supreme Court did not address alternative grounds

1

for dismissal or the dismissal of claims against Billings for failure to comply with the MTCA. Instead, the Supreme Court remanded the case for further proceedings consistent with its opinion. The only remaining claim is Plaintiffs' constitutional claim against the City of Shelby, Mississippi for deprivation of property without due process.

## FACTS

Tracey L. Johnson and David James, Jr. were hired as police officers for the City of Shelby, Mississippi in 2007. In September of 2009, the City's Board of Aldermen, which has sole authority over the City's employment decisions, terminated Johnson and James, for violation of City residents' rights and police procedure. Among the complaints against Plaintiffs were a warrantless arrest of a woman accused of stealing a beer from a convenience store and allegations of profiling and harassment by the residents of an apartment complex, who filed a petition to the Board of Aldermen calling for the termination of Plaintiffs. After the Board voted to terminate Plaintiffs, James requested and obtained a grievance hearing from the City. The Board upheld their terminations.

The City of Shelby has a city employee handbook, covering police officers, adopted in 1997 and revised in 2003, that states: "There is no contract of employment between the City and any one or all of its employees. Employment security cannot be guaranteed for or by any employee." Plaintiffs, in fact, did not have an employee contract with the City. In 2006, the City also adopted the City of Shelby Police Department Standard Operating Procedures Manual, which provided that officers were responsible for complying with the city employee handbook. In 2008, however, the Board of Alderman adopted a new Standard Operating Procedures Manual which included policies and procedures the police department should follow in the case of disciplinary action, including termination. Plaintiffs claim that language in the 2008 manual

2

provides that police officers may only be terminated for cause. Plaintiffs do not point to specific language in the manual, but instead seem to rely on the overall scheme and structure of the manual, which lays out the reasons and procedures for disciplinary action. In September of 2009, the Board of Aldermen rescinded the 2008 manual and readopted the previous 2006 manual. This readoption occurred during the same meeting, but before, the termination of Plaintiffs. While the Board may have shown bad form in their pursuit of legal advantage, such action is not fatal to defendant's motion.

Plaintiffs argue they had a property interest in continued employment with the City and that they were deprived of that property interest without due process. Plaintiffs claim that, due to the policies and procedure in effect during their employment (but rescinded before their termination), they could only be discharged for a legitimate cause and upon recommendation of the police chief. Therefore, Plaintiffs maintain, they had a reasonable expectation of continued employment.

The City responds that Plaintiffs did not have employment contracts with the City and therefore their employment was at-will employment. The City also argues that the policies the plaintiffs relied on were rescinded prior to Plaintiffs' termination, and that, even if the relied upon policies were in place at the time of Plaintiffs' termination, Plaintiffs would still not have a property interest because the City of Shelby Employee Handbook states:

> There is no contract of employment between the City and any one or all of its employees. Employment security cannot be guaranteed for or by any employee. At all times during employment with the City of Shelby, employees shall retain the right to leave employment if they choose. Likewise, we retain the right to separate any employee from employment at any time with or without notice.

3

**STANDARD OF REVIEW**

Summary judgment is appropriate when there is "no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and evidence are taken in a light most favorable to the non-moving party. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 386 (5th Cir.2007).

A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant." *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but … must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

**ANALYSIS**

The threshold issue in this case is whether Plaintiffs had a property interest in continued employment with the City, which would trigger the need for due process. *Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). The existence of a property right in employment is determined by state law. *Johnson v. Southwest Miss. Reg'l Med. Ctr.,* 878 F.2d 858 (5th Cir. 1989) (citations omitted). A property interest may be created by statute, written contract, or "a 'mutually explicit understanding' enforceable under state law as an implied contract." *Id.* (citing *Perry v. Sindermann,* 408 U.S. 593, 601-02 (1972)). The Mississippi Supreme Court has held that at-will employees have no constitutionally protected property interest in continued

employment. *Levens v. Campbell*, 733 So.2d 753, 763 (Miss. 1999) ("Because [plaintiff] was an employee at will, she had no valid claim of entitlement in employment").

In *McMillian v. City of Hazlehurst*, the 5th Circuit ruled that Mississippi municipal police officers are at will employees without a protected property interest in continued employment. 620 F.2d 484, 485 (5th Cir. 1980) (citing M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. § 21-3-5; *Sartin v. City of Columbus Util. Comm'n*, 421 F.Supp. 393 (N.D. Miss. 1976)). Mississippi common law also holds to a strong presumption that employment is at will. *Relliford v. Holly Springs, MS*, 1995 WL 1945432, at *4 (N.D. Miss. Aug. 21, 1995) (citing *Perry v. Sears, Roebuck & Co.*, 508 So.2d 1086, 1088 (Miss. 1987)). In general these cases stand for the proposition that municipal police officers do not have a property interest in their employment.

However, employers can adopt policies creating such a property right. In this instance, Plaintiffs argue City policies concerning police created a protected property right. In *Bobbitt v. Orchard, Ltd.* the Mississippi Supreme Court held an employee handbook could create employer obligations. 603 So.2d 356, 361 (Miss. 1992); *see also Robinson v. Bd. of Trs. of East Cent. Jr. Coll.*, 477 So.2d 1352 (Miss. 1985). In making its decision the court framed the issue asking:

> when an offense specifically covered by the employer's own manual provides no more severe disciplining than a warning or counseling of the employee, may the employer pay no attention to the manual and fire the employee instead?

*Id*. The court answered its question "[w]e hold the employer to its word." *Id*.

Despite this holding, language in the employment manual disclaiming a contractual relationship is fatal to Plaintiffs' arguments and Plaintiffs' at-will employment status is preserved. In *Bobbitt* there was no express disclaimer of a contractual relationship between the parties. Because of the absence of a disclaimer, the *Bobbitt* court construed the employment

5

manual as part of an employment contract. The *Bobbitt* court distinguished two similar cases[1] where the employee was held to be an at-will employee in part because of an express provision in the employment manual that declared the employee an at-will employee.

In the instant case, we find a similar situation. The City's employee handbook, which applies to all employees of the City, specifically disclaims a contractual relationship: "There is no contract of employment between the City and any one or all of its employees. Employment security cannot be guaranteed for or by any employee."

Where there is "something in the employee handbook disclaiming a contract of employment, the rule developed in *Bobbitt* does not apply." *McDaniel v. Mississippi Baptist Med. Ctr.*, 869 F.Supp. 445, 453 (S.D. Miss. 1994). Further, "disclaimers in employees' manuals having their purpose of preserving the employment at-will relationship cannot be ignored." *McCrory v. Wal-Mart Stores, Inc.*, 755 So.2d 1141, 1144-45 (Miss.Ct.App. 1999).

In the instant case, the 2008 policy manual appears to have been hastily copied from a sister city's manual, for reasons unknown and unfathomable by this court. For instance, the 2008 manual, at one point, identifies the city of Cleveland police department as the applicable agency. Nevertheless, the 2008 manual provides guidance on how to handle disciplinary actions taken by the City of Shelby. Plaintiffs contend that these policies and procedures provide that an officer may only be terminated "for cause." However, the court does not find that these policies were intended to override the officers' at-will status as employees. In fact, the language grants discretion to the department: "In cases of serious misconduct such as major breaches of policy or violations of law, procedures contained in this policy may be disregarded." The 2008 manual

---

[1] *See Shaw v. Burchfield*, 481 So.2d 247 (Miss. 1985); *Perry v. Sears, Roebuck & Co.*, 508 So.2d 1086 (Miss. 1987).

contains myriad instances of permissive language as well: "Progressive discipline *may* include…" and "Discharge from the department *may* be imposed for a first offense…" (emphasis added). Discretionary and permissive language in an employment manual, as is the case here, does not override the employees' at-will status. *See, e.g. Senseney v. Miss. Power. Co.*, 914 So.2d 1225, 1229 (Miss.Ct.App. 2005). Due to this discretionary language and the express language in the City employee manual stating that city employees are at-will employees, Plaintiffs' at-will employment status is maintained. Therefore, Plaintiffs do not have a property interest in their continued employment.

This finding is consistent with a number of cases in Mississippi. *See Hartie v. Packard Elec.*, 626 So.2d 106 (Miss. 1993) (holding that disclaimer in handbook preserved employer's right to terminate employee at will); *Perry v. Sears, Roebuck & Co.*, 508 So.2d 1086 (Miss. 1987) (holding that an employee handbook cannot be considered a contract between employer and employee where it explicitly states that the employee may be terminated at will); *McCrory v. Wal-Mart*, 755 So.2d 1141 (Miss.Ct.App. 1999) (reasoning that disclaimers in employee manuals have the purpose of preserving the employment at-will doctrine); *Byrd v. Imperial Palace of Miss.*, 807 So.2d 433 (Miss. 2001) (holding employee handbook with disclaimer does not create a contractual obligation that would override the at-will doctrine). This finding is also consistent with a prior holding by this court in *Hall v. Bolivar Cnty.*, No. 2:08-CV-174, 2010 WL 3861078, at *4 (N.D. Miss. Sept. 24, 2010). In *Hall v. Bolivar Cnty.* this court found that an employment manual's language amounted to a disclaimer preserving the at-will status of its employees.

The City is correct in asserting that Plaintiffs were at-will employees and did not have a property interest in continued employment. For the foregoing reasons defendant's motion for

7

summary judgment [94] will be GRANTED. A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

So ORDERED this the 30th day of June, 2015

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**